UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| EDWARD MORALES<br><br>Plaintiff,<br><br>v.<br><br>WOODBERRY WOODS APARTMENTS LLC<br><br>Defendant | Case No.: |

## - COMPLAINT AND DEMAND FOR JURY TRIAL -

Plaintiff EDWARD MORALES, by and through the undersigned counsel, hereby files this Complaint against the above Defendant, WOODBERRY WOODS APARTMENTS LLC.

## NATURE OF THE CASE

1. This is an action brought by Plaintiff EDWARD MORALES, (hereafter "Plaintiff") against his former employer, Defendant WOODBERRY WOODS APARTMENTS LLC (hereafter referred to as "Defendant") for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. During the term of Plaintiff's employment, Defendant had a practice of not fully compensating all hours in excess of forty (40) hours in a workweek as required by the FLSA.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction conferred by 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in the Tampa Division of the Middle District of Florida under Local Rule 1.02 of the Local Rules of the Middle District of Florida. Hillsborough County has the greatest nexus with the cause because it is the place where Plaintiff provided services and Defendant conducted business.

## PARTIES

5. Plaintiff, EDWARD MORALES, a resident of Hillsborough County, was a former employee of Defendant who worked at WOODBERRY WOODS APARTMENTS LLC.

6. Defendant WOODBERRY WOODS APARTMENTS LLC is a foreign limited liability company.

## COVERAGE

7. Defendant WOODBERRY WOODS APARTMENTS LLC is an enterprise engaged in commerce or in the production of goods for commerce, covered by the FLSA, and as defined by 29 U.S.C. § 203.

8. WOODBERRY WOODS APARTMENTS LLC is an apartment complex located at 808 Pineberry Dr., Brandon, FL 33510.

9. Upon information and belief, Defendant's annual gross volume of sales exceeded $500,000/year at all relevant times.

10. Defendant WOODBERRY WOODS APARTMENTS LLC was an employer within the definition of the FLSA, 29 U.S.C. § 203.

11. During the term of his employment, Plaintiff was engaged in commerce and was therefore subject to the individual coverage of the FLSA 29 U.S.C. § 206.

12. The services performed by Plaintiff were essential, necessary, and an integral part of the business conducted by Defendant.

13. Plaintiff was a covered employee for purposes of the FLSA pursuant to 29 U.S.C. § § 207 and 206.

## FACTUAL BACKGROUND

14. Plaintiff EDWARD MORALES was employed by Defendant from October 2015, to November 2016.

15. Plaintiff held a maintenance position at the time of separation and his duties were mainly manual.

16. Plaintiff's rate of pay was $20.00 per hour.

17. During his employment with Defendant, Plaintiff was classified as non-exempt.

18. Plaintiff did not fully satisfy the requirements for overtime exemptions set forth in the FLSA.

19. During the period covered by Plaintiff's employment, Plaintiff worked in excess of forty (40) hours in a workweek and was not compensated at the statutory rate of one and one-half times his regular rate of pay.

20. Approximately every other week, Plaintiff performed on-call duties after completing his day's work. While on call, Plaintiff performed emergency repairs and traveled a substantial distance to perform these jobs (estimated in 30-40 minutes per trip, one way).

21. Plaintiff was not compensated for travel time while on-call.

22. Defendant was aware that Plaintiff was working in excess of forty (40) hours per week without proper compensation but did not cure the ongoing FLSA violations.

23. Defendant's actions were willful and/or showed reckless disregard as to whether its conduct was prohibited by the FLSA.

24. Plaintiff's time and payroll records (including the hours worked in each workweek) should be in Defendant's custody and control, pursuant to 29 C.F.R. § 516. However, the accuracy, completeness, and sufficiency of such records is unknown at this time.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA

25. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 24 above.

26. Defendant failed to pay Plaintiff properly for all hours worked in excess of forty (40) hours in a workweek in compliance with the FLSA.

27. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) in a workweek.

28. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to damages, liquidated damages, pre-judgment interest, attorney's fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendant, and the following damages:

a. Unpaid overtime compensation pursuant to 29 U.S.C. § 216(b);

b. Liquidated damages in an amount equal to the overtime compensation owed in accordance with 29 U.S.C. § 216(b);

c. Pre-judgment interest;

d. Attorney's fees and costs as provided by 29 U.S.C. § 216(b); and

e. Any further relief the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

29. Plaintiff requests a jury trial to the extent authorized by law.

Dated: May 19, 2017.  Respectfully submitted,

**CYNTHIA GONZALEZ P.A.**
4023 North Armenia Ave.
Suite 240
Tampa, Florida 33607
Telephone (813) 333-1322
Fax (866) 593-6771
E-mail: cynthia@wagesdue.com

s/ Cynthia Gonzalez
Cynthia M. Gonzalez
Florida Bar No. 53052
Attorney for Plaintiff


s/ Luis Roberto Amadeo
Luis Roberto Amadeo
Florida Bar No. 0565865
Attorney for Plaintiff