# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**EDWARD MORALES,**

    **Plaintiff,**

v.                                        Case No.  8:17-cv-1188-T-30TGW

**WOODBERRY WOODS APARTMENTS LLC,**

    **Defendant.**
_____/

## **DEFAULT FINAL JUDGMENT**

THIS CAUSE comes before the Court upon Plaintiff's Motion for Entry of Final Default Judgment (Dkt. 11).  The Court, having reviewed the motion, and being otherwise advised in the premises, concludes that the motion should be granted.

## **BACKGROUND**

On May 19, 2017, Plaintiff Edward Morales filed the instant action against Defendant Woodberry Woods Apartments LLC to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA").  The complaint seeks overtime compensation, liquidated damages, and attorney's fees and costs.

On June 26, 2017, a Clerk's Default was entered against Defendant for its failure to respond to the complaint or otherwise file an appearance in this action (Dkt. 9). Plaintiff now moves for a default final judgment in the amount of $12,985, which represents: (1) $9,600 for overtime compensation and liquidated damages; (2) $2,960 for attorney's fees; and (3) $425 for costs.

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 55(b)(2), a court may enter a final judgment of default against a party who has failed to plead in response to a complaint. A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances, the case never has been placed at issue." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys.,* 803 F.2d 1130, 1134 (11th Cir. 1986). All well-pleaded allegations of fact are deemed admitted upon entry of default; however, before entering a default judgment, a court must confirm that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted. *See Nishimatsu Const. Co. v. Houston Nat. Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975);[1] *see also GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs.,* 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002).

## **DISCUSSION**

The Court has federal question jurisdiction over Plaintiff's FLSA claim. Also, the complaint's allegations are sufficient to state a claim under the FLSA. The complaint contains facts alleging that Defendant is an employer within the definition of the FLSA. The complaint also delineates Plaintiff's job responsibilities and includes facts regarding Defendant's failure to pay him for work he performed in excess of forty hours per week.

Plaintiff's motion is supported by Plaintiff's affidavit, which specifies that Defendant did not compensate him for a total of 160 overtime hours. Plaintiff's hourly rate was $20.

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former United States Court of Appeals for the Fifth Circuit handed down prior to the close of business on September 30, 1981.

Applying the overtime rate of $30, Plaintiff is entitled to $4,800 in overtime compensation. Plaintiff is entitled to an equal amount of $4,800 in liquidated damages because the complaint alleges that Defendant's actions were willful and with reckless disregard of its obligations to pay overtime compensation under the FLSA.

Finally, the Court concludes that Plaintiff's request for attorney's fees in the amount of $2,960 (for 7.4 hours at an hourly rate of $400) and costs in the amount of $425 is reasonable.

It is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion for Entry of Final Default Judgment (Dkt. 11) is granted.

2. The Clerk of Court is directed to enter **FINAL JUDGMENT** in the amount of **$12,985.00** in Plaintiff's favor and against Defendant. This amount shall accrue interest at the federal statutory rate.

3. The Clerk of Court is directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on July 28, 2017.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record